CHARLOTTE E. DEANE
State Bar No. 256362
PO Box 127041
San Diego, CA 92112
Telephone: (619) 672-1039
Cdeane104@gmail.com

Attorney for Material Witnesses
Daoju Lin and Zhenfu Zhang

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(MAGISTRATE JUDGE DANIEL E. BUTCHER)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IRVIN GUTIERREZ,<br><br>Defendant. | CRIM CASE NO. 25cr0895-BJC<br>MAG. CASE NO.  25mj1152-DEB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ALLOW MATERIAL WITNESS VIDEOTAPED DEPOSITIONS** |

The Material Witnesses, Daoju Lin and Zhenfu Zhang ("Material Witnesses"), by and through their attorney, Charlotte E. Deane, submit the following Memorandum of Points and Authorities in support of their motion to allow them videotaped depositions.

# I.

# INTRODUCTION

On or about October 2, 2023, Material Witnesses were detained by the government in connection with the arrest of Defendant, Irvin Gutierrez, at the San

Ysidro Port of Entry.  The Material Witnesses have remained in detention facilities since their arrest.  As of this writing, they do not have a qualifying sponsor willing and able to assist with a material witness appearance bond or a place to reside.

It is unnecessary to keep the Material Witnesses in the United States because their testimony can be preserved through the use of videotaped deposition.  Therefore, the Material Witnesses request a court order allowing them to have their testimony preserved through the use of a videotaped deposition and, thereafter, allowing them to return to their families in Mexico.

## II.

### THE TESTIMONY OF THE MATERIAL WITNESSES CAN BE SECURED BY VIDEOTAPED DEPOSITIONS, AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY

18 U.S.C. § 3144 provides that:

> **No material witness may be detained because of inability to comply with any condition of release** *if the testimony of such witness can adequately be secured by deposition*, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

(Emphasis added.)  While witnesses may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotaped deposition at the earliest possible time. (*Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419-420 (5th Cir. (1992).)  The deposition of a material witness may be used at a criminal trial so it is only where the interests of justice will be denied that a videotaped deposition is not appropriate. (*Torres-Ruiz v. United States*, 120 F.3d 933 (9th Cir. 1997), *citing Aguilar-Ayala*

*v. Ruiz*, *supra*; see also 8 U.S.C. § 1324(d), F.R.E., Rule 804, and F.R.CR.P., Rule 15.)

A defendant may be present at the videotaped deposition and, therefore, have a full and fair opportunity to cross-examine the witness. (*United States v. Matus-Zayas*, 655 F.3d 1092, 1100 (9th Cir. 2011).) The deposition provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. (*Dutton v. Evans*, 400 U.S. 74, 89 (1970).)

The government or a defendant can effectuate the detention of the material witnesses upon showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial; and (2) the use of deposition testimony will deny the defendant a fair trial and that live testimony would somehow be significantly different. (See, e.g., *Aguilar-Avala v. Ruiz*, 973 F.2d at 413; *United States v. Humberto Rivera*, 859 F.2d 1204, 1208 (4th Cir. 1988).) That would be a difficult burden in this case, however, because the Material Witnesses could return for trial if the government makes arrangements for their legal re-entry into the country and provides travel expenses. Moreover, "because the depositions would be recorded by videotape, the jury would have the ability to assess the witnesses' demeanor and credibility, intonation, and anything else if the witnesses' testimony was later introduced into evidence at trial." (*United States v. Matus-Zayas*, 655 F.3d at 1100.)

The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the Material Witnesses' testimony at trial by personally subpoenaing the witnesses, providing travel costs, and arranging for their legal re-entry. (See, e.g., *United States v. Efracio Torres*, 890 F.2d 266, 270 (10th Cir. 1989) (government need not guarantee the witness will be available, only that they will use good-faith efforts to secure their presence at trial); *Ohio v. Roberts*, 448 U.S. 56, 65 (1980), abrogated by *Crawford v. Washington*, 541 U.S. 36 (2004) (so long as the government uses reasonable measures to secure a

witness at trial, a deposition is admissible over a defendant's confrontation clause and hearsay objections).)

Federal Rules of Criminal Procedure, Rule 15(a)(2) ("Rule 15(a)(2)"), provides that "[a] witness who is detained under 18 U.S.C. sec. 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness signs under oath the deposition transcript." Prolonged incarceration of the material witness solely because of the material witness's inability to secure a bond violates the unambiguous language of the statute and caselaw. "[I]t is clear from a conjunctive reading of [Federal Rules of Criminal Procedure, Rule 15(a)] with 18 U.S.C. Section] 3144 that the discretion to deny the motion is limited to those instances in which the deposition would not serve as an adequate substitute for the witness' live testimony: that a failure of justice would ensue were the witness released. Absent a failure of justice, the witness must be released." (*Torres-Ruiz*, 120 F.3d at 935 (citing *Aguilar-Ayala v. Ruiz*, 973 F.2d at 413 (internal citations and quotations omitted).)

A material witness should not be detained because their testimony can be adequately secured by deposition. Based on interviews with the Material Witnesses and the reports submitted by the arresting agency, the facts to which the Material Witnesses are competent to testify are straightforward. (Declaration of Counsel at ¶ 7.)

For these reasons, the Material Witnesses request that this Court immediately order the taking of their videotaped deposition and, thereafter, return them to Mexico.

/ / / /

/ / / /

/ / / /

## III.

## IF THE COURT DENIES THE MATERIAL WITNESSES' REQUESTS TO TAKE THEIR VIDEOTAPED DEPOSITIONS, THEY HEREBY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY HAVE TO REMAIN IN CUSTODY

Where a witness has been in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released with or without the taking of a deposition. (F.R.CR.P., Rule 46(h).)

The Material Witnesses are not aware of any reason why they should remain in custody, but to the extent the government knows of any such reason, the Material Witnesses hereby request that the government provide them with a copy of biweekly written reports indicating these reasons.

## IV.

## CONCLUSION

For the forgoing reasons, the Material Witnesses respectfully request that the motion for the taking of a videotaped deposition be granted. In the alternative, the Material Witnesses request that they immediately be provided with a statement of reasons why they need to remain in custody.

Dated: March 27, 2025          */s/ Charlotte E. Deane*
                                Charlotte E. Deane
                                Attorney for the Material Witnesses